Chancellor
James afterwards dcliyered the de< ree ofthe court:
The question to be decided by the court in this case, arises under a clause in the codicil to the will of Colonel Daniel Heyward, and a clause in the will of his grandson,T Daniel Heyward, These clauses are in substance as follows:
Col. Daniel Heyward devised his Island, called Cal-lewashie, “ to his son Benjamin, but in case he die without lawful issue, to his (the testator’s) grandson Daniel Heyward, and his heirs forever.” The grandson, Daniel Heyward, afterwards made his will as follows :
“ It is my will, that until my much loved daughter .Elizabeth Mathews Heyward shall be married or attain the age of twenty-one years, my ever dear wife shall have and enjoy the use and profits of all my estate, if she remain as long my widow; and when my said daughter shall be married, or attain that age, then the use and profits of all my estate shall be equally divided between my said daughter and wife as long as she shall continue my widow and from and immediately after the second, marriage, Qr death of my wife, then I give, devise and bequeath all the rest, remainder and residue of my estate to my said daughter and her heirs, executors and administrators and assigns.”
By the above codicil, Col. Daniel Heyward devised a fee conditional at common law to his son Benjamin, with remainder in fee to his grandson, Daniel Heyward, to vest in possession upon the death of his son Benjamin without lawful issue. The grandfather Daniel, died; next the grandson Daniel died, (leaving alive his wife and one child Elizabeth;) and lastly the son Benjamin also died, unmarried and without leaving lawful issue. The question is therefore whether this remainder (in the Cal-lewashie estate) will pass by the devise, to Elizabeth Ma~ thews Heyward, the daughter of the grandson Daniel Heyward, the mother being married ? Or whether Daniel ileyward the grandson shall be decreed to have died in^ *430 testate as to that part óf his estate ? The complainants counsel contend that this remainder was so remote that jle coupj not have had it in contemplation at the time of making his will; that it was a mere possibility, and that t|lere s{10ui¿ have been express words to pass it. Defendants counsel rely upon the very general words in the will, “ all my estate,” and “ all the rest, remainder and residue of my estate,” and contend that they are sufficient' to carry the remainder in fee. It is admitted on all hands, that a possibility may be devised, and the cases are clear as to that point. The question therefore is narrowed down to the single point, whether the possibility in this case passed under this will ? Now it plainly appears that the testator has used in this devise the most general and comprehensive words that he could possibly have used. Had he descendedlo particulars and omitted this contingency, then there would have been a doubt; and the maxim of law, “ expressio unkis est exclusio alterius,” might have applied; but he has pursued the most safe way, and made use of the most general expressions, “ all my estate,” and “ all the rest, remainder and residue of my estate.” Now that learned lawyer, judge Euller, has said that the word “ estate” is the most general word that can be used; for it is genus generalissimum; and Lord Holt has also laid it down in the case of the Countess of Bridgewater, against the Duke of Bolton,- “ That the devise of all one’s real estate comprehends not only the thing but also the interest in it.’3 And again it is laid down by judge Blackstone in his commentaries, 2d. vol. page 103, “ If a man grants all his estate in Dale, to A. and his heirs, every thing that he possibly can grant shall pass thereby.” The words “ all my estate,” being so general and comprehensive, the next words to be considered are, “ all the, rest, residue and remainder;” and these being joined in the same sentence with the words M all my estate,” must refer to them'as their antecedent; and the rule of construction ex aniccedentibus et conseqv.entibits fit optima interpretation musí govern s consequently all the estate of the devisor, *431 after the falling in of the provision made for the wife, while she continued his widow, must pass by the will.
Therefore upon the authority of the cases cited, upon the very comprehensive words used in the will, and the construction of law arising upon the same, the court are opinion that the remainder in fee did pass thereby.
Wherefore it is decreed that the bill of complainants be dismissed, and that they do pay the costs of this suit.